PER CURIAM.
Appellant was charged in a two count information with manslaughter, in that he operated his motor vehicle in a culpably negligent manner. In count two he was charged with being in an intoxicated condition and operating his motor vehicle in such a manner as to have committed the offense of manslaughter. He plead guilty to count one, charging him with culpable negligence pursuant to Fla.Stat. § 782.07, F.S.A. He was represented by the public defender and the court inquired extensively as to whether he was knowingly, wilfully and intelligently pleading guilty. At the conclusion of the hearing, the judge sentenced him to serve ten years in the State penitentiary. No direct appeal was taken.
The record reflects that the court considered a petition for “writ of habeas corpus” filed by appellant, as well as, his “renewed” petition for consideration under F.Cr.P.R. 1.850, 33 F.S.A. (now 3.850) and denied both. This latter Rule 1.850 denial is the subject of this appeal.
The public defender filed an “Anders” type brief; and pursuant to our order in Leone v. State, Fla.App.1970, 233 So.2d 404, we allowed appellant to file any *852 additional matters he wished to bring to the attention of the court. He filed his brief and alleged the same facts as were contained in his motion under Rule 1.850. Basically, he attacks the charge contained in count two which alleged intoxication. Since he was not sentenced under count two this is immaterial. The question here is whether his plea of guilty to culpable negligence, constituting manslaughter, was freely, voluntarily and intelligently given while represented by counsel. From an examination of the record, it is clear that the proper questions were asked by the trial judge and the appellant responded in the affirmative.
No error having been made to appear the denial of appellant’s motion is hereby affirmed.
PIERCE, C. J., and LILES and MANN, JJ-, concur.